**James Randy ALLEN, Petitioner–Appellant,**

v.

**Brian BELLEQUE, Respondent–Appellee.**

No. 07–35860.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

Thomas J. Hester, Esquire, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Esquire, AGOR—Office of the Oregon Attorney General, Jeremy C. Rice, State of Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**MEMORANDUM ***

Oregon state prisoner James Randy Allen appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Allen contends that the Oregon Board of Parole and Post–Prison Supervision violated the *ex post facto* clause of the United States Constitution when, in 2003, it retroactively applied Or. Rev. Stat. § 163.115(5)(c) to (e) (1999) to set a parole hearing for Allen, to be held after he serves the 25–year mandatory minimum sentence under § 163.115(5)(b). Specifically, Allen contends that at the time of his offense and sentencing, the sentence for murder under Oregon law was a determinate term of 25 years to be followed by lifetime post-prison supervision. This claim fails because, under Oregon law, the sentence for murder at the time of Allen's offense was an indeterminate life sentence with a 25–year mandatory minimum. *See State v. Francis,* 154 Or.App. 486, 962 P.2d 45, 47 (1998) (holding that 1995 amendments to § 163.115(5)(a) had the effect of reinstating the indeterminate life sentence for murder); *see also State v. Haynes,* 168 Or.App. 565, 7 P.3d 623, 624 (2000).

To the extent Allen challenges the Oregon courts' interpretation of Oregon state law, such a claim is not cognizable on federal habeas review. *See, e.g., Middleton v. Cupp,* 768 F.2d 1083, 1085 (9th Cir.1985).

Because Allen was not disadvantaged by the application of the 1999 amendments, *see Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the Oregon Court of Appeals' decision denying his *ex post facto* claim was not contrary to,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.